# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY G. VINCENT,<br><br>　　　　　Defendant. | Case No. 1:14-CR-00049-LJO-BAM<br><br>ORDER ON MOTION IN LIMINE<br><br>(ECF No. 75) |

　　This case is set for trial on April 4, 2017. The action proceeds on an Indictment filed March 13, 2014, charging Defendant Jeffrey G. Vincent with five counts of attempting to evade or defeat assessment and payment of a tax in violation of 26 U.S.C. § 7201. ECF No. 1. The Indictment alleges Defendant has not filed an individual income tax return since in or about 1988, and describes a continuing offense of tax evasion by the Defendant beginning as early as October 1991, when he formed and opened bank accounts for Stafford Group, and thereafter continued to serve as general partner for and receive compensation from Stafford Group. *Id*., ¶¶ 4-8, 12. It is further alleged that Defendant formed other entities, including, in January 1994, Global Business Services, and other trusts, all of which, like Stafford Group, Defendant used to funnel his income in a manner that concealed his income and to avoid paying taxes. *Id*., ¶ 6, 14-19. Numerous, specific affirmative acts of evasion undertaken by the Defendant are alleged. *Id*., ¶¶ 7-19, 29. The most recent affirmative acts of evasion pleaded in the indictment occurred in 2010, when, among other things, the Defendant signed documents that he caused to be filed with the IRS in which he deceptively omitted his social security number, received income he did not report to the IRS, and otherwise caused monies to be transferred between entities in order to evade his taxes and conceal his income. *See, e.g*., *id*. ¶¶ 6, 11-13, 16, 19.

　　Pending before the Court is the United States' motions *in limine* (ECF No. 75), to which Defendant has filed a response. ECF No. 77. The Court deems these matters appropriate for resolution without oral argument. *See* E.D. Cal. Civ. L.R. 230(g). For the reasons explained below,

the Court decides the motions *in limine* and the parties' dispute about the statement of facts for trial as follows.

## LEGAL STANDARD

A party may use a motion *in limine* as a procedural mechanism to exclude inadmissible or prejudicial testimony or evidence in a particular area before it is introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *see also United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Such motions allow parties to resolve evidentiary disputes before trial and avoid potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003). Pretrial motions such as motions *in limine* "are useful tools to resolve issues which would otherwise clutter up the trial." *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986); *accord Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997) ("[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings.").

Motions *in limine* that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. *See, e.g.*, *Brown v. Kavanaugh*, No. 1:08-CV-01764-LJO, 2013 WL 1124301, at *2 (E.D. Cal. Mar. 18, 2013) (citing *Sperberg v. Goodyear Tire & Rubber, Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *see also In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (holding that motions *in limine* should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial"); *Cf. Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 1189898, at *4 (N.D. Cal. Jan. 4, 2012) (concluding that "a broad categorical exclusion" was unwarranted).

Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion *in limine*, and it is within the district court's discretion to defer ruling until trial when the trial judge can better estimate the impact of the evidence on the jury. *See, e.g., United States v. Amaro*, 613 F. App'x 600, 602 (9th Cir.), *cert. denied sub nom. Stewart-Hanson v. United States*, 136 S. Ct. 276 (2015); *see also Jonasson*, 115 F.3d at 440.

**DISCUSSION**

**Defendant raises four issues in its motion** *in limine*. Having reviewed the authorities and argument cited by both sides as to all issues, the Court rules as follows:

**Issue 1:  To Exclude Evidence Regarding Tax Law that Would Confuse the Jury.**

The United States argues that statements contained in Defendant's pleadings and in the government's discovery suggest defendant may seek to admit at trial evidence relating to tax protestor ideology. For example, Defendant previously demanded that the government identify the tax code provision that "informs the citizen whether completion of [the] tax form is voluntary or mandatory." ECF No. 30 ¶ 12. In addition, the United States contends that Defendant signed and transmitted a letter to his former CPA replete with documentary evidence related to tax protestor ideology. *See* ECF No. 75 at 3. While the United States agrees that the Court cannot exclude a defendant's testimony regarding materials (*e.g.*, statutes or case law) upon which the defendant claims to have actually relied, the government seeks to preclude: (1) the admission of the underlying materials themselves; or (2) any evidence regarding the constitutionality or validity of the tax laws.

The United States' motion is **GRANTED** as to this issue. Given that specific intent is relevant to the charges in the Indictment, Defendant may present evidence of what he relied on in making his decisions. However, he may **not** enter into evidence the underlying materials themselves. Moreover, he may **not** enter into evidence any testimony or documentary evidence regarding his mere disagreement with tax law, or rely upon constitutional opinions or congressional statements, all of which are wholly irrelevant. Finally, depending upon what Defendant wishes to testify to within these parameters, there may be Fed. R. Civ. P. 403 issues to be resolved.

**Issues 2 & 4:  To Preclude Defendant from Eliciting Testimony from Witnesses Other than the Defendant about what Defendant Believed or Said he believed about Tax Laws.**

The government anticipates that the Defendant, through cross-examination of government witnesses or through his own witnesses, may attempt to elicit testimony as to the witnesses' opinions regarding what the Defendant believed or what others believed. ECF No. 75 at 6. More

3

generically, the United States also seeks to preclude Defendant from eliciting or offering through other witnesses prior statements of the Defendant. *Id*. at 7.

As to this issue, the United States' motion is **GRANTED**. Eliciting testimony from witnesses other than the Defendant about what Defendant believed or said he believed about the tax laws is speculative, hearsay, and improper opinion testimony.

**Issue 3:  To Preclude Defendant from Referencing Penalty or Punishment.**

The United States further requests that Defendant be precluded from eliciting testimony about or making any comment or reference, either direct or indirect, to the potential penalties or punishment facing the Defendant in this case, whether during voir dire or trial.

As to this issue, the United States' motion is unopposed. Accordingly it is GRANTED. It is well established that Defendant may not elicit testimony of this nature. *See Shannon v. United States*, 512 U.S. 573, 579 (1994).

### CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that the United States' motion *in limine* is **GRANTED**. The hearing on the motion, currently set for March 27, 2017, is VACATED.

IT IS SO ORDERED.

Dated:   **March 24, 2017**            /s/ Lawrence J. O'Neill  
                                    UNITED STATES CHIEF DISTRICT JUDGE

4